UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                Case No. 09-72532

TAJ GRAPHICS ENTERPRISES, LLC,                                        Chapter 11

        Debtor.                                                 Judge Thomas J. Tucker
_____/

**OPINION AND ORDER DENYING THE SEPTEMBER 20, 2018 MOTION
FILED BY JOHN D. HERTZBERG, ET AL. (DOCKET # 1096)**

This case is before the Court on the motion filed on September 20, 2018 by John D. Hertzberg, Hertzberg, PC, and Hertzberg, PLLC (collectively, the "Hertzberg Parties"), entitled "Corrected Motion of John D. Hertzberg, Hertzberg, P.C. and Hertzberg, PLLC To: (I) Compel Chapter 11 Trustee to Perform Her Duties and Pursue Recovery of Postpetition Fraudulently Transferred Asset of the Bankruptcy Estate, or in the Alternative, for Leave to Pursue Recovery of Postpetition Fraudulently Transferred Asset of the Bankruptcy Estate; . . . [etc.]" (Docket # 1096, the "Hertzberg Motion").

Objections to the Hertzberg Motion were filed by the United States Trustee, the Debtor, and the Chapter 11 Trustee (Docket ## 1099, 1101, 1102/1103). The Hertzberg Parties then filed a reply in support of their motion (Docket # 1105).

After reviewing all of the items filed, the Court entered an Order on October 26, 2018 (Docket # 1106, the "October 26 Order"), permitting the Hertzberg Parties to file a supplement to their motion. The purpose of this was to allow the Hertzberg Parties an opportunity to demonstrate that they have standing to bring the motion. The October 26 Order posed three groups of related questions, having to do with standing. The October 26 Order stated, in relevant part:

> . . . it is not yet clear to the Court how or why any of the Hertzberg Parties has standing to bring the Hertzberg Motion in this case. Before holding a hearing or taking any other action on the motion, the Court will first give the Hertzberg Parties an opportunity to file a supplemental brief in support of their motion, explaining in more detail why they contend that they have standing to bring the Hertzberg Motion.
>
> Accordingly,
>
> IT IS ORDERED that the Hertzberg Parties are granted leave to file a brief supplementing the Hertzberg Motion. Such supplemental brief is optional, but it must be filed, if at all, no later than November 9, 2018. The supplemental brief must be limited to addressing the following questions:
>
> 1. Do the Hertzberg Parties contend that any of them is a creditor with a claim in this bankruptcy case? If so, who has the claim(s), and explain in detail what the claim(s) is/are.
>
> 2. If none of the Hertzberg Parties is a creditor with a claim in this bankruptcy case, do they nonetheless contend that any of them is a "party in interest" within the meaning of 11 U.S.C. § 1109(b)? If so, specifically why?
>
> 3. Do any of the Hertzberg Parties have a pecuniary interest in the outcome of the Hertzberg Motion? If so, what specifically is that pecuniary interest?

On October 28, 2018, the Hertzberg Parties filed a supplement to their motion (Docket # 1108), in response to the October 26 Order. The Court has reviewed that supplement, and all of the other papers filed in support of and in objection to the Hertzberg Motion.

The Court concludes that a hearing on the Hertzberg Motion is not necessary, and that the motion must be denied, for the reasons stated below.

Based on the facts alleged in the Hertzberg Motion, it appears, among other things, that the Debtor's initially-filed Schedule B and the Debtor's first amended Schedule B both were

misleading and inaccurate. First, these schedules each listed as assets *both* (1) an account receivable at item 16 owing by Robert and Maria Kattula with a value of $1.5 million; *and* (2) a "note receivable" at item 35 with a value of $1.5 million. The Hertzberg Motion alleges, in effect, that these two listed assets were for the same, single $1.5 million debt, owing by the Kattulas to the Debtor. Thus, the listed value of these two assets, totaling $3 million, was overstated by $1.5 million. And the Hertzberg Motion indicates that there was a further inaccuracy: the motion alleges that the item 16 asset listed — *i.e.*, the $1.5 million account receivable owing by Robert and Maria Kattula to the Debtor — was meant to be a listing *of the 2006 mortgage* given by Maria Kattula to the Debtor, given to secure the $1.5 million debt listed in item 35 as a note receivable. But as the Chapter 11 Trustee points out, there is no indication of any such mortgage, or that the Debtor was the mortgagee of any such mortgage, anywhere in the Debtor's initial Schedule B or the Debtor's amended Schedule B. And each of these schedules was verified as true by Robert Kattula on behalf of the Debtor, under penalty of perjury.

The Chapter 11 Trustee's response to the Hertzberg Motion, among other things, takes the position that the Hertzberg Motion is incorrect in asserting that the 2006 mortgage given by Maria Kattula to the Debtor, and the debt it secured, were ever actually assigned to anyone by the Debtor. Rather, the Chapter 11 Trustee takes the position that neither the debt nor the mortgage was ever actually assigned by the Debtor to Green Lake Equities, LLC, either pre-petition (as now claimed by Robert Kattula and by Green Lake Equities) or post-petition. The Chapter 11 Trustee's response asserts, in effect, that the debt and mortgage remain property of the bankruptcy estate, and that the mortgage moved from second in priority to first in priority among the liens against the Kattula home, by virtue of the United States District Court's July 27, 2018

3

judgment dismissing the plaintiff's complaint with prejudice (after trial) in the case of *Wilmington Savings Fund Society, FSB v. Kattula*, Case No. 16-cv-12813 (E.D. Mich.) (the "District Court Case").

In making these contentions, the Chapter 11 Trustee asserts, in effect, that several sworn statements of Robert Kattula are false, including statements in the Affidavit of Robert Kattula dated September 8, 2016 that was filed in the District Court Case, and statements in the Debtor's amended schedules and amended Statement of Financial Affairs filed in this case on July 5, 2017 (Docket # 1005), which were verified by Robert Kattula under penalty of perjury.

This apparent dispute between the Chapter 11 Trustee on the one hand, and the Debtor and Robert Kattula on the other hand, is one that the Court may need to resolve in the future. And depending on how that dispute is resolved, it may be necessary for the Court to resolve a possible avoidance action that might in the future be brought by the Chapter 11 Trustee or a successor trustee. But the Court need not and cannot resolve any of these disputes at this time. That is because these disputes, at present, arise only in the context of the Hertzberg Motion, and that motion must be denied for other reasons, which follow.

First, the Hertzberg Motion must be denied because the Hertzberg Parties lack standing to seek any of the relief they seek in their motion.

As this Court has held several times, a party who files a motion seeking relief in a bankruptcy case, or who objects to another party's motion for relief, must have a pecuniary interest in the outcome of the motion, in order to have standing. *See, e.g.*, *In re Moss*, 320 B.R. 143, 149-50 (Bankr. E.D. Mich. 2005); *In re DiNoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich. 2017); *In re Sharkey*, 563 B.R. 655, 660 (Bankr. E.D. Mich. 2017); *In re Underwood*, 583, B.R.

438, 440-41 (Bankr. E.D. Mich. 2018). Such a pecuniary interest also is required in a Chapter 11 case in order for a party to qualify as a "party in interest" within the meaning of 11 U.S.C. § 1109(b).[1] *See generally* 7 Collier on Bankruptcy ¶ 1109.01[1], at 1109-4 (Richard Levin & Henry J. Sommer, eds., 16th ed. 2017) ("The general theory behind [§ 1109(b)] is that anyone holding a direct financial stake in the outcome of the case should have an opportunity (either directly or through an appropriate representative) to participate in the adjudication of any issue that may ultimately shape the disposition of his or her interest. . . . Conversely, an entity that does not hold a financial stake in the case is generally excluded from the definition of 'party in interest' . . . .") (footnotes omitted); *id.* at ¶ 1109.01[3], at 1109-5 (". . . principles of standing do properly apply to limit the scope of section 1109(b). In general, a 'party in interest' in a 'case' may be precluded from participating in a particular 'proceeding' for lack of standing if he or she has *no* cognizable interest (whether directly or indirectly) in the outcome of the proceeding.") (footnotes omitted; italics in original).

It is clear that none of the Hertzberg Parties is a creditor in this bankruptcy case. None of them have any claim against the bankruptcy estate or the Debtor (which is not a debtor-in-possession). And the Hertzberg Parties do not actually argue otherwise, but rather admit this, in their reply brief and supplemental brief filed in support of their motion. None of the Hertzberg

---

[1] Section 1109(b) applies in Chapter 11 cases, and states:

> A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.

11 U.S.C. § 1109(b). None of the Hertzberg Parties is a "creditor" in this case, or any of the other types of parties specifically named in § 1109(b), so they must qualify as some other type of "party in interest" to bring their motion.

5

Parties claims to be a creditor in this case. Rather, the Hertzberg Parties argue only that (1) *the Debtor* has argued, in the past, that one or more of the Hertzberg Parties is or may be a creditor in this case; and (2) the Debtor may sue one or more of the Hertzberg Parties *in the future*.

As to the first of these points, what *the Debtor* has argued or may have argued in the past is immaterial, particularly given the Court's findings and rulings in its opinion and order filed May 10, 2016 (Docket # 949). *See In re TAJ Graphics Enterprises, LLC*, 549 B.R. 825 (Bankr. E.D. Mich. 2016). And most recently, the Debtor clearly has argued, albeit implicitly, that none of the Hertzberg Parties is a creditor in this case. The Debtor did this by filing its objection to the Hertzberg Motion on October 2, 2018 (Docket # 1101), in which the Debtor argues that the Hertzberg Parties lack standing and in which the Debtor "concurs" in the response filed by the United States Trustee.

As to the second of the above points, there are at least three flaws: (a) it is entirely speculative whether the Debtor may sue or bring some claim against the Hertzberg Parties in the future; (b) what may happen in the future does not give the Hertzberg Parties standing now; and (c) the Hertzberg Parties' possible future status as parties defending against a claim or claims brought against them by the Debtor would not give them standing as creditors in this case, and would not give them a pecuniary interest in protecting or recovering assets of the bankruptcy estate (which is what their present motion is all about).

Thus, the Hertzberg Parties lack standing to bring their motion, and the motion must be denied for that reason.

There is a second reason why the Court must deny the Hertzberg Motion, at least in part. To the extent the motion seeks an order requiring the Chapter 11 Trustee, or a successor Chapter

6

11 trustee, to make a criminal referral to the United States Attorney, under 18 U.S.C. § 3057(a),[2] such an order would be inappropriate and unnecessary in any event. If the Court were convinced that grounds exist that require a criminal referral under § 3057(a), the Court would make such a referral itself, rather than ordering a case trustee to do so. Section 3057(a) imposes the same criminal referral duty on judges that it imposes on trustees, and the undersigned judge has made such criminal referrals in the past, in other cases. The Hertzberg Parties have cited no authority permitting or requiring a bankruptcy court to order *someone else*, such as a trustee, to make a criminal referral under § 3057(a). And as a practical matter, there simply is never a need for the court to make such an order, rather than or in addition to the court making the criminal referral itself.

The Hertzberg Motion does not ask the undersigned judge to make a criminal referral, and the Hertzberg Parties lack standing to make such a request of the Court in any event. But standing issues aside, the undersigned judge is mindful of the duty to make criminal referrals when required to do so under § 3057(a).

For the reasons stated, the Hertzberg Motion will be denied, but without prejudice to the

---

[2] That section states:

> Any judge, receiver, or trustee having reasonable grounds for believing that any violation under chapter 9 of this title or other laws of the United States relating to insolvent debtors, receiverships or reorganization plans has been committed, or that an investigation should be had in connection therewith, shall report to the appropriate United States attorney all the facts and circumstances of the case, the names of the witnesses and the offense or offenses believed to have been committed. Where one of such officers has made such report, the others need not do so.

18 U.S.C. § 3057(a). And as the Hertzberg Parties point out in their brief, the United States Trustee has a similar duty to make criminal referrals, under 28 U.S.C. § 586(a)(3)(F).

7

extent stated in the Order below.

IT IS ORDERED that the Hertzberg Motion (Docket # 1096) is denied, in its entirety.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of any party with standing to do so to file in the future a motion seeking relief of the type requested by the Hertzberg Motion, or any other appropriate relief, other than an order requiring a trustee to make a criminal referral under 18 U.S.C. § 3057(a).

**Signed on November 21, 2018**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

8

09-72532-tjt    Doc 1111    Filed 11/21/18    Entered 11/21/18 13:43:05    Page 8 of 8