UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Case No. 09-72532

TAJ GRAPHICS ENTERPRISES, LLC,          Chapter 11

            Debtor.                             Judge Thomas J. Tucker
_____/

**FURTHER ORDER REGARDING THE DEBTOR'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS, ETC. (DOCKET # 600)**

This case came before the Court for a hearing on June 12, 2013, on the Debtor's motion entitled "Motion to Compel Production of Documents, for Finding of Contempt and Imposition of Sanctions Against Cohen & Associates, P.C. and Aaron Jade" (Docket # 600, the "Motion"). For the reasons stated by the Court on the record during the hearing, the Court entered an Order on June 12, 2013, which denied the Motion in all respects but two. (Docket # 632). In those two respects, the Order reserved ruling on the Motion until after the conclusion of the evidentiary hearing regarding the Debtor's objection to the claim of Prime Financial, Inc. As to those reserved issues, the June 12, 2013 Order stated:

> IT IS ORDERED that:
>
> 1.     To the extent the Motion seeks an order compelling production of certain documents and/or electronically stored information ("ESI"), the Court rules as follows:
> . . .
>
> (C)     With respect to e-mails of the type alleged and referred to in ¶ 7 of the Motion, the Court reserves any ruling until after the conclusion of the ongoing evidentiary hearing, so that the Court may hear the testimony of Aaron Jade and any further testimony of Robert Kattula, or any other witness presented, concerning this subject before ruling.
> . . .

> 2. To the extent the Motion seeks an order finding Aaron Jade
> and/or Cohen & Associates, P.C. in contempt or seeks
> sanctions against either such party, including monetary
> sanctions, the Motion is denied, except and subject to the
> following: . . . (B) the Court reserves ruling on the
> Motion's request for a contempt finding and for sanctions
> with respect to the issue of the e-mails referred to in
> paragraph 1(C) above. To the extent of this reservation, the
> Court will rule on the Motion when the Court rules on the
> aspect of the Motion referred to in paragraph 1(C) above.

(Order, filed June 12, 2013 (Docket # 632)).

The evidentiary hearing concluded some time ago, and on April 19, 2019, the Court filed its Opinion and Order regarding the Debtor's claim objection (Docket ## 1125, 1126). The Court now will rule on the reserved portions of the Motion.

First, with respect to the "e-mails of the type alleged and referred to in ¶ 7 of the Motion," the reference is to the e-mails alleged and described in the Debtor's Motion as "incriminating emails that were sent to Mr. Kattula and/or his assistant in connection with the financial relationship between Mr. Kattula and his companies, and Prime." (Motion, ¶ 7). With respect to such e-mails, the Court finds that there was no *credible* evidence presented during the evidentiary hearing that any such e-mails exist, that were not produced in response to subpoenas served by the Debtor on Prime Financial, Inc., Aaron Jade, Cohen & Associates, PC, or any other person or entity.

Second, with respect to the Motion's request for a contempt finding and for sanctions with respect to the issue of the e-mails referred to in paragraph 1(C) of the June 12, 2013 Order, quoted above, the Court finds that there is no basis for making any contempt finding or ordering any sanctions.

For these reasons, the Court will deny those portions of the Debtor's Motion (Docket # 600) on which the Court previously reserved decision.

IT IS ORDERED that the Motion (Docket # 600) is denied in all respects upon which the Court previously reserved a ruling, in the Court's Order filed June 12, 2013 (Docket # 632).

**Signed on April 24, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge