UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                     Case No. 09-72532

TAJ GRAPHICS ENTERPRISES, LLC,       Chapter 11

          Debtor.                                Judge Thomas J. Tucker
_____/

**OPINION AND ORDER RULING ON THE MOTION BY THE DEBTOR'S ATTORNEY, THOMAS R. MORRIS, ENTITLED "MOTION TO STRIKE DEFAMATORY PAPER" (DOCKET # 1022), AND CANCELLING MAY 8, 2019 HEARING ON THAT MOTION ONLY**

       This case is currently scheduled for a hearing to be held on May 8, 2019 at 1:30 p.m., on several motions. This Opinion and Order addresses one of those motions — namely, the motion filed by the Debtor's attorney, Thomas R. Morris ("Morris"), entitled "Motion to Strike Defamatory Paper" (Docket # 1022, the "Motion to Strike" or "Motion"). The Court now concludes that a hearing on the Motion to Strike is not necessary, and that the motion should be granted in part, for the following reasons.

       The Motion to Strike seeks an order striking a specific document filed in this case by John D. Hertzberg, the Debtor's former attorney ("Hertzberg"). The document at issue was filed at Docket # 996 in this case (the "Paper at Issue"). The Motion alleges that the Paper at Issue is both "scandalous" and "defamatory" within the meaning of 11 U.S.C. § 107(b)(2). That section of the Bankruptcy Code states, in pertinent part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title."[1]

       Hertzberg filed a response to the Motion to Strike; Morris then filed a reply in support of the Motion; and then Hertzberg filed a "Sur Response" to the Motion.[2] The Court has reviewed the Motion to Strike and all of the other papers filed regarding that Motion, and the Court is generally quite familiar with the extensive record in this Chapter 11 case.

       In the body of the Motion to Strike, Morris originally sought an order "striking the [Paper at Issue], or, in the alternative, sealing that document."[3] In the proposed order attached to the

---

    [1] A similar provision is contained in Fed. R. Bankr. P. 9018, but in using the word "may" and not the word "shall," that rule is entirely discretionary.

    [2] Docket ## 1027, 1029, 1030.

    [3] Motion to Strike at p. 3.

Motion, Morris sought an order that the Paper at Issue "be stricken, and that the Clerk shall render it inaccessible to the public."[4]

In his response to the Motion, Hertzberg denied that the Paper at Issue was scandalous or defamatory, but he also indicated that while he objected to an order *striking* the Paper at Issue, he did not object to the Court entering an order *sealing* the Paper at Issue.[5] In his Reply in support of the Motion, Morris then argued that sealing the Paper at Issue was insufficient, and that it should be stricken.[6]

Under the circumstances, the Court will grant the Motion to Strike in part, by sealing the Paper at Issue — that is, by restricting public access to it — and also by restricting public access to the Motion to Strike itself and the papers filed regarding that Motion, which discuss and refer to the content of the Paper at Issue. But the Court will not "strike" the Paper at Issue. Nor does the Court make a determination of whether the Paper at Issue (or its attachment) contain "scandalous or defamatory matter" within the meaning of § 107(b)(2). It is not necessary to do these things in order to rule on the Motion.

First, if § 107(b)(2) did apply to the Paper at Issue, as Morris argues, this Court would be required, on motion by Morris, to "protect" Morris from the scandalous or defamatory matter contained in the paper. But this Court would have discretion in determining what form of "protection" to order. Striking the Paper at Issue is one form of protection, but so is sealing it (restricting public access to it). The Court finds that even if it were to determine that the Paper at Issue contained "scandalous or defamatory matter," protection in the form of restricting public access to the paper would be sufficient. Striking the paper would not be necessary.

Second, the Court construes Hertzberg's position to be that he does not object to an order sealing the Paper at Issue.

Third, the determination of whether the Paper at Issue actually contains "scandalous or defamatory matter" likely would require further proceedings, including possibly even an evidentiary hearing, which could be quite time consuming and expensive for the attorneys involved, all just so the Court could determine whether to strike or seal a paper filed by Hertzberg under § 107(b)(2). The Court will not permit itself and the attorneys to get sidetracked on such a tangential issue.

For these reasons, and in its discretion, the Court will order as follows.

---

[4] Proposed order, attached to the Motion to Strike at Docket # 1022-1.

[5] *See* Hertzberg Response (Docket # 1027) at 1, 3; Hertzberg Sur Response (Docket # 1030) at 1-2.

[6] Morris Reply (Docket # 1029) at 5.

IT IS ORDERED that:

1. The Motion to Strike (Docket # 1022) is granted to the extent of the relief provided in this Order, and otherwise is denied.

2. Effective immediately, the Clerk will restrict public access to each of the following documents filed in this case, unless and until this Court orders otherwise in a future order: Docket ## 996, 1022, 1027, 1029, and 1030.

3. The hearing on the Motion to Strike, currently scheduled for May 8, 2019 at 1:30 p.m., is cancelled. (This Order does not cancel the hearing on any other motion).

**Signed on May 7, 2019**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**