UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 09-72532

TAJ GRAPHICS ENTERPRISES, LLC,  Chapter 7

　　　　　　Debtor.  Judge Thomas J. Tucker
_____/

**ORDER DENYING THE TWO PENDING MOTIONS TO STRIKE
FILED BY PRIME FINANCIAL, INC.**

　　　　This case is before the Court on two motions filed by Prime Financial, Inc. (collectively, the "Motions"): (1) the motion entitled "Motion to Strike Debtor's Previous Amendments of Schedule A/B (Doc # 1005 & # 1010) and to Report Bankruptcy Crimes Which Have Been Committed in Violation of 18 USC §§ 152, 153, 154, 157, 1519 and 3057" (Docket # 1167); and (2) the motion entitled "Motion to Strike Debtor's June 27, 2019 Amendment of Schedule A/B (Doc # 1165)" (Docket # 1166). The Debtor filed a response to one of these Motions (Docket # 1173). The Court concludes that a hearing on these Motions is not necessary, and that they should be denied.

　　　　It is unclear whether the Court has authority to "strike" a Debtor's amended schedules or amended statement of financial affairs, based on the alleged grounds that they are false, or even fraudulent. Under Fed. R. Bankr. P. 1009(a), a debtor may amend its schedules and statement of financial affairs "as a matter of course at any time before the case is closed." The Debtor retained that right to amend after the Chapter 11 trustee was appointed, and after this case was converted to Chapter 7. And none of the grounds for striking a paper under 11 U.S.C. § 107 appear to apply here. Of course, the Debtor's statements in any of its schedules or statement of financial affairs, or any amendments of the same, are not binding on the Chapter 7 Trustee or on Prime Financial, Inc.

　　　　Even if this Court has authority to "strike" the Debtor's amendment papers, such authority would be discretionary, and this Court exercises any discretion it may have to strike or not strike the amended documents by declining to strike them. The Court may be required to decide, at a later date in a later contested matter or adversary proceeding related to this case, whether and to what extent the facts or legal conclusions stated in the amended schedules or amended statement of financial affairs are false and/or fraudulent. But at this time, the Court expresses no opinion on that subject. And the Court declines, at this time, to impose any sanctions under Fed. R. Bankr. P. 9011, or to make any criminal referral.

　　　　IT IS ORDERED that the Motions (Docket ## 1166, 1167) are each denied.

**Signed on July 22, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge